## CIRCUIT COURT OF ARLINGTON COUNTY

Shirley Contracting Corp.

v.

Harold C. King, Commissioner, et al.

January 4, 1984

Case No. (Law) 24462

### By JUDGE CHARLES H. DUFF

I have carefully considered the memoranda and able arguments presented at argument of the Plaintiff's Motion to Compel Discovery. Likewise I have carefully examined the decisions of *Upjohn* v. *United States*, 449 U.S. 383, 101 S. Ct. 677 (1981), and *Binks Manufacturing Company* v. *National Presto Industries, Inc.*, 709 F.2d 1109 (1983).

It is noted that most of the documents requested were either addressed to or copied to Mr. Hayes. A number of them contain the impressions and opinions of their author regarding various aspects of this litigation. All of the documents involved postdated the Notice of Intent filed by the contractor and all but one postdated the actual filing of the Claim by the contractor.

While the *Upjohn* decision differs in several significant factual areas, it is my opinion that the underlying philosophical basis for denying discovery therein is apropos to the case at bar. It seems to me to be essential that reports, evaluations and recommendations of personnel in the field be candid and open if their purpose is to be served. The *Binks* decision, while appearing to be a correct one on its facts, is clearly distinguishable. The exchange of correspondence between the parties did not demonstrate

any anticipation of litigation and accordingly the work product privilege was held not to apply.

Furthermore to deny the disclosure of the documents sought is not to deny the discovery of relevant factual information possessed by the authors of those documents. The following comment in *Upjohn* is apropos:

> Here the Government was free to question the employees who communicated with Thomas and outside counsel. Upjohn has provided the IRS with a list of such employees, and the IRS has already interviewed some 25 of them. While it would probably be more convenient for the Government to secure the results of petitioner's internal investigation by simply subpoenaing the questionnaires and notes taken by petitioner's attorneys, such considerations of convenience do not overcome the policies served by the attorney-client privilege.

For these reasons the Motion will be denied and the Plaintiff's exceptions will be noted. I am returning the relevant documents to the Attorney General.